**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel FLYNN, Defendant—Appellant.**

**No. 07–56787.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

---

Richard Y. Lee, Jean–Claude Andre, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kelly Christine Quinn, Esquire, Mark Jacob Werksman, Esquire, Law Offices of Mark J. Werksman, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Daniel Flynn appeals from the district court's judgment denying his 28 U.S.C. § 2255 motion to set aside his guilty-plea conviction for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Flynn contends that the district court erred by applying the analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to his claim that his due process rights were violated when he was not informed at the time of his plea that, pursuant to California law, he would be required to register for life as a sex offender. We may affirm the denial of a habeas petition on any ground supported by the record. *See Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir.2005).

In light of the record, we conclude that any possible due process error resulting from the failure to inform Flynn of the registration requirement prior to his guilty plea did not have a substantial and injurious effect on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In particular, we conclude, as did the district

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court in the course of its *Strickland* analysis, that Flynn has not shown a reasonable probability that he would have declined to enter a guilty plea had he been aware of the registration requirement. *See id.*; *see also Moore v. Czerniak,* 534 F.3d 1128, 1137 n. 6 (9th Cir.2008) (noting that *Brecht* harmless error analysis is encompassed by *Strickland* ).

We deny as moot the government's motion for expedited hearing and decision.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.